IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS ALLEN, THOMAS BAKER, LESLIE BROOKS II, TRACY CALDWELL, TIARA COCHRAN, KEVIN CURRENT, LAKESHA DAILEY, CHRIS DINGER, JR., STEPHANIE FONTENOT, ANNETTE FORD, BRIAN GOODY, ERIC M. GREEN SR., THOMAS GROSS II, ERICCA HALFORD, AMANDA HOLMES, CASTRINA JACKSON, PHAEDRA JOHNSON, SUSAN JOHNSON, WILLIAM FREDRICK MARSALIS JR., THIERRY MATTHIS, ETHEL JEAN NORMAN, RANDY PITCHER, JESSICA RIDDICK, MARIO SAADE, KYLE SAWYER, MARVIN TRAHAN, TAMMIE WALKER, KEVIN PAUL WEBRE, KATRINA WILLIAMS, RALPH WILLIAMS III** | PLAINTIFFS<br><br>Case No.:_____<br><br>Division:_____<br><br>Jury Demanded |
| vs. | |
| **WALGREEN CO., and WALGREEN LOUISIANA CO., INC., d/b/a WALGREENS** | DEFENDANTS |

### ORIGINAL COMPLAINT

COME NOW the above named Plaintiffs ("Plaintiffs"), by and through their counsel Alan Kansas, of The Law Office of Alan Kansas, LLC, and for their Original Complaint against Defendants Walgreen Co., and Walgreen Louisiana Co., Inc., together d/b/a Walgreens ("Defendants"), do hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1.   Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs

overtime compensation for the hours that Plaintiffs worked off the clock for each single workweek.

2. Each Plaintiff filed a "Consent to Join" in a collective action that was conditionally certified and then decertified in the United States District Court for the Western District of Arkansas, Kunio Teramura, et al. v. Walgreen Co., 5:12-cv-5244-JLH ("Teramura").

3. The Teramura court tolled the Plaintiffs' statute of limitations until September 30, 2014, allowing Plaintiffs time to file a new lawsuit in their own state.

## II.    JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Louisiana has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendants conduct business within the State of Louisiana, operating retail stores that sell merchandise in consumer goods categories such as pharmacy, health and hygiene, beauty and cosmetics, grocery, vitamins and supplements, and other consumer goods categories.

6. Defendants have purposely availed themselves of demand for consumer goods within the physical and political boundaries of the State of Louisiana.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1), (c), because the State of Louisiana has personal jurisdiction over Defendants, and Defendants therefore "reside" in Louisiana.

## III.    THE PARTIES

8. Each Plaintiff is an individual who worked for Defendant as an Executive Assistant Manager ("EXAs") in Louisiana within the three years preceding the filing of their Consent to Join in <u>Teramura</u>.

9. Defendant Walgreen Co. is a foreign for-profit corporation conducting business in the State of Louisiana through its wholly owned subsidiary, Walgreen Louisiana Co., Inc. Walgreen Co. and Walgreen Louisiana Co., Inc. are both the Plaintiff's employers under the FLSA. Alternatively, Walgreen Co. and Walgreen Louisiana Co., Inc. are the Plaintiff's joint employers under the FLSA.

10. Walgreens Co. establishes human resources policies and procedures for Walgreen Louisiana Co., Inc., including the decision not to pay overtime to the Plaintiffs herein.

11. Defendant Walgreen Co. is a national retailer of "pharmacy, health and wellness solutions, and consumer goods and services," employing over 240,000 people and operating over 8,000 stores across the country, including 153 stores in Louisiana as of July 31, 2014.[1]

12. The stores owned or operated by or doing business as Walgreens exist for the common business purpose of retailing pharmacy, health and wellness solutions, and consumer goods and services.

13. Defendants have employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, including specifically pharmacy, health and wellness, and consumer goods.

---

[1] *Store Count by State*, WALGREENS.COM HTTP://NEWS.WALGREENS.COM/ARTICLE_DISPLAY.CFM?ARTICLE_ID=1044 (last visited September 29, 2014); *Frequently Asked Questions,* WALGREENS.COM (last visited September 29, 2014), ("Q: How many employees does Walgreen Co. have?  A: We employ 240,000 people . . . .") http://news.walgreens.com/article_display.cfm?article_id=831&page_flag=faq#7

14. Both Defendant's annual gross volumes of sales is not less than $500,000.00.

15. Defendant Walgreen Louisiana Co., Inc.'s registered agent for service of process in the State of Louisiana is The Prentice-Hall Corporation System, Inc., 320 Somerlulos Street, Baton Rouge, LA 70802-6129.

## IV.   FACTUAL ALLEGATIONS

16. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

17. At all times relevant to this action, Defendant suffered or permitted Plaintiffs, as EXAs, to unload merchandise from inventory supply trucks, stock merchandise onto the shelves, face or straighten the merchandise on the shelves, complete various tasks and instructions from the store manager, erect seasonal promotional displays, and perform other hourly-type jobs, including, but not limited to, running cash register, operating the photo booth, and working in pharmacy as needed.

18. Plaintiffs, as EXAs, are or were required by Defendant to be scheduled for a minimum of forty-four (44) hours per week each week.

19. Despite the scheduled hours, Plaintiffs very commonly work or worked more than the required forty-four (44) hours per week.

20. Defendant has not compensated Plaintiffs with one and one-half times their regular rate for hours worked over forty (40) each week.

21. While working as EXAs for Defendant, Plaintiffs spent a majority of their time during each week unloading merchandise from inventory supply trucks, stocking merchandise onto the shelves, facing or straightening the merchandise on the shelves, completing various tasks and instructions from the store

manager, erecting seasonal promotional displays, and performing other hourly-type jobs, including, but not limited to, running cash register, operating the photo booth, and working in pharmacy as needed.

22. Plaintiffs, as EXAs, report or reported to a Store Manager who was in charge of the store.

## V.   LEGAL ALLEGATIONS

23. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

24. 29 U.S.C. § 207 requires employers subject to the FLSA to pay employees one and one half times their respective regular rates for all hours worked over forty (40) hours in a week.

25. Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their respective regular rates of pay for their respective hours worked over forty (40) in each one-week period.

26. Based on the foregoing, each Plaintiff seeks unpaid overtime wages at the required legal rate for all of their hours worked over forty in each week during the relevant time period, liquidated damages, prejudgment interest, attorneys' fees and litigation costs and all other costs and penalties allowed by law.

27. **JURY DEMAND** – Plaintiffs demand a jury trial for all triable issues of fact.

## VI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully pray as follows:

A. That Defendant be summoned to appear and answer herein;

B. For an order entering judgment in Plaintiffs' favor against Defendants Walgreen Co., and Walgreen Louisiana Co., Inc. for overtime wages lost in an amount to be determined at trial;

D. For liquidated damages;

E. For their attorneys' fees, costs, pre-judgment interest; and

F. For such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**The Law Office of Alan Kansas, LLC**
**1801 Carol Sue Ave.**
**Terrytown, LA 70056**
**(504) 210-1150**
**fax (504) 617-6525**


By: /s/ Alan Kansas
Alan Kansas
La. Bar No. 27725
alan@alankansaslaw.com

Attorney for Plaintiffs