UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALLEN, ET AL. | CIVIL ACTION |
| VERSUS | NO: 14-2244 |
| WALGREEN CO. and WALGREEN LOUISIANA CO., INC. d/b/a WALGREENS | SECTION: R |

## **ORDER AND REASONS**

Before the Court is an unopposed motion for partial summary judgment filed by defendants Walgreen Company and Walgreen Louisiana Company, Inc.[1] For the following reasons, the Court GRANTS the motion.

## I. BACKGROUND

This case involves alleged violations of the overtime provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. Defendants Walgreen Company and Walgreen Louisiana Company, Inc. employed plaintiffs as Executive Assistant Managers at retail stores throughout Louisiana and allegedly failed to provide adequate compensation.[2] To date, 30 of the 32 plaintiffs who filed this lawsuit have settled with defendants and stipulated to

---

[1] R. Doc. 29-1.

[2] R. Doc. 1.

the dismissal of their claims.³ Although two plaintiffs remain in this case, Chris Dinger and Eric Green, defendants' motion for partial summary judgment is directed against Dinger alone.⁴

Prior to this lawsuit, Dinger was an opt-in plaintiff in *Teramura, et al. v. Walgreens Co.*, an FLSA action in the U.S. District Court for the Western District of Arkansas.⁵ On March 7, 2013, Judge Jimm Larry Hendren conditionally certified *Teramura* as a collective action, defining the collective action class to include:

> [a]ll current and former salaried Executive Assistant Managers ("ESAs") employed by Defendant at any of its Walgreens stores nationwide anytime within the three years immediately preceding November 15, 2012, and continuing thereafter through the expiration of the opt-in period for potential plaintiffs.⁶

Dinger filed his written consent to join the *Teramura* lawsuit as an opt-in plaintiff on May 1, 2013.⁷ Ultimately, *Teramura* was decertified as a collective action. On June 18, 2014, the *Teramura* court ordered that each opt-in plaintiff would have a period of 90 days following the issuance of the notice of

---

³ R. Docs. 24, 26, 28.

⁴ R. Doc. 29-1.

⁵ *Teramura, et al. v. Walgreen Co.*, W.D. Ark., Case No. 12-cv-5244 (hereinafter "*Teramura* Litigation").

⁶ *Teramura* Litigation, R. Doc. 39 at 11.

⁷ *Teramura* Litigation, R. Doc. 145 at 7.

2

decertification to file an individual FLSA action without losing the benefit of having tolled the statute of limitations by filing a written consent form.[8] Dinger filed this lawsuit on September 29, 2014.

Although defendants concede that Dinger's filing sufficed to obtain the benefit of the tolling order in *Teramura*, they contend that Dinger's FLSA claims are nonetheless barred by the statute of limitations.[9] Defendants submit the declaration of David C. Thompson, who states that he is employed as a paralegal at Walgreens and that he has access to "certain data for current and former employees at Walgreens' stores, including . . . employees' names, store locations, [and] dates of employment. . . ."[10] Thompson further states that he has reviewed Dinger's personnel data, which reveals that Dinger was employed at Walgreens from March 16, 2005 until April 6, 2010.[11] According to Thompson, Dinger has not been employed at Walgreens as an Executive Assistant Manager, or in any other capacity, since April 6, 2010.[12] Defendants

---

[8] *Teramura* Litigation, R. Doc. 284.

[9] R. Doc. 29-3.

[10] R. Doc. 29-3 at 1-2.

[11] *Id.* at 2.

[12] *Id.*

3

argue that because Dinger did not opt into the *Teramura* action until May 1, 2013, Dinger's claims are barred by the FLSA's statute of limitations.

## II.   LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence

which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils.*, Inc., 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

## III. DISCUSSION

Under the FLSA, an action must commence within two years after the cause of action accrues, or within three years if the alleged violation was

"willful." 29 U.S.C. § 255(a). In a collective action, an action is "commenced" for purposes of an opt-in plaintiff on the date the opt-in plaintiff files a written consent to join the litigation. 29 U.S.C. § 256(b); *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 803 (E.D. La. 2007); *Quintanilla v. A & R Demolition Inc.*, No. CIV.A. H-04-1965, 2006 WL 1663739, at *3 (S.D. Tex. June 13, 2006).

Prior to this lawsuit, Dinger was an opt-in plaintiff in another FLSA lawsuit, *Teramura, et al. v. Walgreens Co.,* which was conditionally certified collective action in March 2013. There, Dinger alleged that he had been employed as an Executive Assistant Manager at a Walgreens retail store and that defendants had failed to pay him overtime pay in accordance with the FLSA's mandate. After the *Teramura* action was decertified, Dinger filed this lawsuit, in which he presses identical FLSA claims for unpaid overtime. Thus, the latest possible commencement date for Dinger's cause of action is May 1, 2013, the day that Dinger filed his written consent form in *Teramura*.

Defendants contend that Dinger's FLSA claim is undisputably barred by the statute of limitations. In support, defendants provide a declaration from a Walgreens paralegal who states that he has access to Walgreens employees' names, store locations, and dates of employment and that he is personally familiar with Dinger's personnel records. The declarant states that Dinger's

6

employment with Walgreens ended on April 6, 2010 and that Dinger has not been employed by Walgreens in any capacity since that date.

Dinger has filed no response to this motion, and he has therefore provided no evidence that might raise a genuine issue of material fact about the accuracy of the declarant's statements. Accordingly, the uncontested facts indicate that Dinger ceased his employment with Walgreens on April 6, 2010, which is over three years before the day Dinger filed his written consent form in the *Teramura* litigation. Thus, regardless of whether the two-year or three-year statute of limitations applies, Dinger's FLSA claims are time-barred because Dinger commenced this action more than three years after his employment ended, the last possible date that a cause of action could have accrued under the FLSA. *See Diedra Gettridge v. Civil Ctr. Site Dev. Co.*, No. CIV. A. 01-2434, 2002 WL 126574, at *2 (E.D. La. Jan. 29, 2002) (holding that FLSA suit was time barred because plaintiff filed suit more than two years after she was terminated from employment). Defendants are therefore entitled to judgment as a matter of law.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion for partial summary judgment. Plaintiff Chris Dinger's claims against defendants under the FLSA are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 15th day of December, 2015.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE